UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | |
|---|---|
| RICHARD RODRIGUE, ) | |
| ) | |
| Movant, ) | |
| ) | |
| v. ) | Civil No. 09-537-B-W |
| ) | Crim. No. 04-11-B-W |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent ) | |

**RECOMMENDED DECISION ON 28 U.S.C. § 2255 MOTION**

Richard Rodrigue was sentenced by this court on March 20, 2008, to a total term of 120-months on three counts after the jury convicted him on two drug counts and one firearm count. He did pursue a direct appeal arguing a singular claim: he challenged the sufficiency of the probable cause showing in the search warrant affidavit. See United States v. Rodrigue, 560 F.3d 29 (1st Cir. 2009). Rodrigue has now filed a 28 U.S.C. § 2255 motion presenting three grounds. I have screened Rodrigue's claims pursuant to Rule Governing Section 2255 Proceedings 4(b) and conclude that the motion should be dismissed because on the face of his motion and the record in the criminal case Rodrigue is not entitled to § 2255 relief.

**DISCUSSION**

Rodrigue's first 28 U.S.C. § 2255 ground asserts that counsel was constitutionally inadequate when he failed to raise a challenge to the indictment on the grounds that it was "duplicitous and multiplicitous" and, thus, was insufficient on its face. (Sec. § 2255 Mot. at 7.) Rodrigue's second § 2255 claim is a straight-up challenge to the indictment for being "duplicitous and multiplicitous," unclear, and misleading on its face. (Id. at 8.) Rodrigue indicates that he did not raise this challenge on direct appeal because he did not learn about it

until after his appeal was decided. (Id. at 9.) And Rodrigue's third habeas claim attacks his sentence as being unreasonable. Here he cites United States v. Booker, 543 U.S. 220 (2005) and maintains that this Court had authority to grant him a downward departure and his attorney should have pressed it to do so. (Id. at 10.) He justifies not bringing the Booker challenge in his direct appeal by explaining that he did not know about this issue at the time of sentencing or appeal.

As a preliminary matter, I can see no justification for this Court to consider in a collateral review posture Rodrigue's direct challenges to the indictment and his sentence. See Sustache-Rivera v. United States, 221 F.3d 8, 17 (1st Cir. 2000); Knight v. United States, 37 F.3d 769, 772 -73 (1st Cir.1994). His perfunctory explanations of just not knowing about these claims do not rise to the level of an ignorance excuse for this default. See United States v. Pettiford, 101 F.3d 199, 202 (1st Cir. 1996) ("Exceptional circumstances may excuse a delayed making of a claim, Knight v. United States, 37 F.3d 769, 773 (1st Cir.1994), and ignorance may be a factor."). Nevertheless, I address the substance of his challenges below.

*Indictment*

With respect to the merits of the indictment related aspects of this motion, Rodrigue, along with co-defendant Alton Sherman, was indicted on four substantive counts alleging conduct on June 11, 2002. Count One charged that the defendants,

> knowingly and intentionally conspired with each other and others known and unknown, to commit certain offenses against the United States, to wit, to knowingly and intentionally possess with the intent to manufacture and distribute, and manufacture 100 or more marijuana plants in violation of Title 21, United States Section 841(a)(1).
> All in violation of Title 21, United States Code, Section 846 and 841(a)(1), and Title 18, United States Code, Section 2. It is further alleged that the penalty provisions of Title 21, United States Code, Section 841(b)(1)(B) apply to the conduct described herein.

(Indictment at 1, Crim. No. 04-11-B-J, Doc. No. 1.)  Count Two maintained that the defendants, "did knowingly and intentionally manufacture and possess with intent to distribute, and to aid and abet the commission of that crime" and cites violations of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2 and invokes the penalty provision of 21 U.S.C. § 841(b)(1)(B).  (Id. at 1-2.)

With respect to the firearm offense that was submitted to the jury, Count Three asserted that the defendants,

> knowingly used or carried a firearm, to wit, a Davies Industries 32 Cal. [h]andgun, serial number P006775 and a Smith and Wesson 9mm cal. Handgun, serial number obliterated, during and in relation to the drug trafficking offenses outlined in Counts One and Two or knowingly possessed the same firearm in furtherance of the drug trafficking crimes outlined in Counts One and Two.
> All in violation of Title 18, United States Code, Section 924(c)(1)(A).

(Id. at 2.)  And, finally, Count Four charged that the defendants "knowingly possessed a firearm, to wit, a Smith and Wesson nine millimeter cal. Pistol,  which had the manufacturer's serial number removed, obliterated, and altered and which had been shipped or transported in interstate commerce," citing a violation of 18 U.S.C. § 992(k) and § 924(a)(1).  The United States moved to dismiss Count Four at the outset of trial and this Court granted that motion.  (July 24, 2007, Trial Tr. at 5-6, Crim No. 04-11-B-w, Doc. No. 253).[1]

There is nothing duplicitous about this indictment.  "'Duplicity is the joining in a single count of two or more distinct and separate offenses.'"  United States v. Verrecchi, 196 F.3d 294, 297 (1st Cir. 1999) (quoting United States v. Martinez Canas, 595 F.2d 73, 78 (1st Cir.1979)).  "'[T]he prohibition against duplicitous indictments arises primarily out of a concern that the jury may find a defendant guilty on a count without having reached a unanimous verdict on the commission of any particular offense.'"  Id. (quoting United States v. Valerio, 48 F.3d 58, 63

---

[1]  The fifth count sought forfeiture of an all-terrain vehicle.  (Id. at 2-3.)

3

(1st Cir.1995).)  What is more, "an argument that an indictment should be dismissed as duplicitous is waived if not made before trial."  Id. (Valerio, 48 F.3d at 63 and Federal Rule of Criminal Process 12(b)(2)).

"'Multiplicity' is charging a single offense in several counts.  The vice of multiplicity is that it may lead to multiple punishment for a single crime, an obvious double jeopardy violation." 1A Charles Alan Wright & Andrew Leipold, FEDERAL PRACTICE AND PROCEDURE § 142 (4th ed. 1008) (footnotes omitted).  If "each count involves an element that the other does not, the Double Jeopardy Clause would not bar multiple convictions and punishments under the familiar Blockburger test."  United States v. Shea, 211 F.3d 658, 673 (1st Cir. 2000) (citing United States v. Peterson, 867 F.2d 1110, 1115 (8th Cir.1989, in turn citing Blockburger v. United States, 284 U.S. 299, 304 (1932)); see also id.  ("[T]he government says that the two convictions should stand because no objection was made to the indictment on multiplicity grounds and the objection is therefore waived. Fed.R.Crim.P. 12(b)(2).  Whether there is a multiplicity objection is a nice question and arguably depends on attributing a further refinement in intent to Congress.").

There is no multiplicity concern with respect to Rodrigue's drug convictions as the first count charged conspiracy in addition to the manufacture and distribution.  And with regards to the firearm exposure Rodrigue was only convicted of Count Three.  As for Rodrigue's attendant claim of ineffective assistance, my conclusion that such a challenge to the indictment would be meritless, also answers in the negative the question of whether Rodrigue could meet his burden under the Strickland v. Washington, 466 U.S. 668, 687-88 (1984) performance and prejudice prongs.

*Downward Departure*

It is evident from the Pre-sentence Investigative Report (PSI) that Rodrigue was subject to a 60-month minimum sentence on his two drug offense convictions under 21 U.S.C. § 841(b)(1)(B) and a <u>consecutive</u> 60-month mandatory minimum on his firearm conviction pursuant to 18 U.S.C. § 924(c)(1)(A)(i) and § 924(c)(1)(D).  (PSI ¶ 34.)  The PSI found no grounds for an acceptance of responsibility reduction.  (<u>Id.</u> ¶ 6.)

At sentencing the United States described the mandatory maximums as "extremely serious sentences" and conceded they were sufficient.  (Mar. 20. 2008, Sentencing Tr. at 5.)  Defense counsel conceded: "I realize that he is a casualty of the minimum mandatory sentences.  There's nothing the court could do if you wanted to, but I would ask that the minimum mandatory be imposed. I don't think there's any necessity to go above that."  (<u>Id.</u> at 11.)   And this Court explained:

> I find, in the absence of any request for an upward departure by the government and in the absence of any request for a downward departure, there is no basis under the guidelines to justify a departure from the guideline range of sentence. The guideline, in any event, is trumped by the statute and the statutory minimums.
> I have determined that the sentence I am imposing is sufficient, but not greater than necessary, to effectuate the goals of 18 U.S.C. Section 3553(a) and have carefully considered all the statutory factors set forth in Section 3553(a).
> ….
> …. I'm sentencing you to 120 months in jail because I'm required to sentence you to 120 months in jail. What I might have done, if I had more discretion, is really beside the point. As a judge, I'm required to follow the law, and that's what I'll do.
> ….
> And I've heard [you] today, and I sympathize with the pleas from your friends and your relatives, that I should be lenient, but I can't be lenient. I have no discretion. The law has taken my discretion away from me.
> The fact of the matter is, once you bring a gun into a marijuana operation of this size, you get ten years in prison, and the sentence is mandated by law, and, in effect, you made the decision to bring a gun along, and by doing so, you sentenced yourself to ten years in jail the very second you were caught.

(<u>Id.</u> at 14-16.)

In this sense "because sentencing courts remain bound by the mandatory minimum" Rodrigue was faced with his own "sentencing 'cliffs'" as a consequence of the amount of drugs

5

attributed to him and the involvement of a firearm. Kimbrough v. United States, __ U.S. __, __, 128 S.Ct. 558, 573 (2007); United States v. Lizardo, 445 F.3d 73, 88 & n. 9 (1st Cir. 2006); United States v. Julien, 550 F.Supp.2d 138, 139 n. 1 (D. Me. 2008) (Singal, J.); see also United States v. Freemont, 513 F.3d 884, 890 (8th Cir. 2008) ("The district court erred by granting a conditional Booker variance on the gun count's mandatory minimum sentence. …. However, neither Booker, Gall [v. United States, 552 U.S. 38 (2007)], nor [18 U.S.C.] § 3553(a) affect a statutory minimum sentence."). United States v. Ciszkowski, 492 F.3d 1264, 1270 (11th Cir. 2007) ("Even after Booker, the district court is bound by the statutory mandatory minimums.").[2]

*Conclusion*

Having screened this motion pursuant to Rule Governing Section 2255 Proceedings 4(b), I recommend that the Court deny Rodrigue 28 U.S.C. § 2255 relief. I further recommend that a certificate of appealability should not issue in the event Rodrigue files a notice of appeal because there is no substantial showing of the denial of a constitutional right within the meaning of 28 U.S.C. § 2253(c)(2).

NOTICE
A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within ten (10) days of being served with a copy thereof. A responsive memorandum shall be filed within ten (10) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

/s/ Margaret J. Kravchuk
U.S. Magistrate Judge

November 3, 2009.

---

[2] Rodrigue does not explain on what grounds related to his conduct that he would have tried to convince this Court to consider a Booker variance and depart downwards.